UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMIE RICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15CV1039 RLW |
| ) | |
| STANDARD GUARANTY INSURANCE ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Loancare, LLC and Freedom Mortgage Corporation's Joint Motion to Dismiss Plaintiff's Petition (ECF No. 24) and Motion to Strike Affidavit (ECF No. 30). This matter is fully briefed and ready for disposition.

## BACKGROUND[1]

On September 4, 2015, Plaintiff Amie Rice filed her Second Amended Complaint. (ECF No. 21). In her Second Amended Complaint, Plaintiff claims to be the owner of the property located at 902 Robert Avenue, Ferguson, Missouri. (Second Amended Complaint ("SAC"), ECF No. 21, ¶6). Defendant Standard Guaranty Insurance Company ("Standard Guaranty") issued a force-placed policy of homeowners insurance, Policy No. MLR626019500 ("the Policy"). (SAC, ¶8). The Policy provided commercial and homeowner's insurance coverage for the Property. (SAC, ¶9).

On January 8, 2014, while the Policy in effect, the Property was damaged due to a storm and high winds which caused the house to be uninhabitable. (SAC, ¶11).

---

[1] When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff brings a lawsuit for breach of contract against Standard Guaranty (Count I), breach of contract/tortious interference against Freedom Mortgage (Count III), and breach of contract/tortious interference against LoanCare, LLC ("LoanCare") (Count IV).[2]

## DISCUSSION

Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Here, Defendants move to strike Plaintiff's Affidavit (ECF No. 27-1) attached to her Response in Opposition to the Motion to Dismiss. Defendants move to strike the Affidavit because it contains new allegations that were not included in any other prior filing. (ECF No. 19 at 2). Defendants argue that Plaintiff's Response in Opposition to the Motion to Dismiss improperly cites to the Affidavit no less than sixteen times in sixteen footnote references. (*Id.*). In response, Plaintiff claims that Defendants "opened the door" to Plaintiff's Affidavit by referring to materials outside the pleadings (the Deed of Trust (ECF No. 25-1) and the Assignment of the Deed of Trust (ECF No. 25-2)). (ECF No. 30 at 2).

The Court agrees that Plaintiff's Affidavit contains matters outside the pleadings, in particular new allegations related to the adjustment of Plaintiff's claim and her contract with U.S. Construction, LLC, a contractor. (ECF No. 27-1). However, the Court denies the motion to strike. This Court has generally restricted the use of motions to strike to material contained in pleadings. *Shea v. Peoples Nat. Bank*, No. 4:11-CV-1415 CAS, 2013 WL 74374, at *1 (E.D. Mo. Jan. 7, 2013) (citing *Khamis v. Board of Regents, Southeast Mo. State Univ.*, 2010 WL 1936228, at * 1 (E.D.Mo. May 13, 2010) (affidavit attached to memorandum in opposition was not a pleading and could not be attacked by a motion to strike; however, the Court would not consider any portions of the affidavit that were not based on personal knowledge or that contained inadmissible hearsay); *Donnelly v. St. John's Mercy Med. Ctr.*, 2009 WL 1259364, at * *1–2 (E.D.Mo. May 5, 2009) (statement of uncontroverted material facts and response to motion for summary judgment

---

[2] There is no Count II in the Second Amended Complaint.

were not pleadings and could not be attacked with a motion to strike); *Mecklenburg Farm, Inc. v. Anheuser–Busch, Inc.*, 2008 WL 2518561, at *1 (E.D. Mo. June 19, 2008) (motion to dismiss was not a pleading and could not be attacked with a motion to strike); *Coleman v. City of Pagedale*, 2008 WL 161897, at *4 (E.D.Mo. Jan. 15, 2008) (sur-reply and memorandum were not pleadings and could not be attacked with a motion to strike)). The Court will not strike Plaintiff's Affidavit because it is not a pleading under Fed. R. Civ. P. 7(a) and cannot be challenged by a motion to strike. *Shea*, 2013 WL 74374, at *2 (E.D. Mo. Jan. 7, 2013)

The Court, however, considers Plaintiff's Affidavit to be a matter "outside the pleading." "Most courts ... view 'matters outside the pleading' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992) (citing Wright & Miller, Federal Practice and Procedure § 1366 (footnotes omitted)). A motion to dismiss pursuant to Rule 12(b)(6) "must be treated as a motion for summary judgment when matters outside the pleadings are presented and not excluded by the trial court." *Woods v. Dugan*, 660 F.2d 379, 380 (8th Cir.1981) (per curiam). At this early stage of the lawsuit and the briefing, the Court believes the parties should further clarify the issues before presenting them to the Court for a dispositive ruling. The Court will allow Plaintiff additional time to replead her complaint and to incorporate her allegations from her Affidavit into her complaint, if she so chooses. The Court will deny Defendants' Motion to Dismiss without prejudice. Defendants may refile their Motion to Dismiss, if necessary, once Plaintiff has replead her claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Loancare, LLC and Freedom Mortgage Corporation's Joint Motion to Dismiss Plaintiff's Petition (ECF No. 24) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Affidavit (ECF No. 30)

is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff shall file any amended complaint no later than **April 13, 2016**.

Dated this 4th day of April, 2016.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**