UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMIE RICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15CV1039 RLW |
| ) | |
| STANDARD GUARANTY INSURANCE ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants LoanCare, LLC and Freedom Mortgage Corporation's Joint Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 33) and Standard Guaranty Insurance Company's Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 35).[1] These matters are fully briefed and ready for disposition.

## BACKGROUND[2]

On April 5, 2016, Plaintiff Amie Rice filed her Third Amended Complaint ("TAC"). (ECF No. 32). In her TAC, Plaintiff claims to be the owner of the property located at 902 Robert Avenue, Ferguson, Missouri. (TAC, ¶6). Defendant Standard Guaranty Insurance Company ("Standard Guaranty") issued a force-placed policy of homeowners insurance, Policy No. MLR626019500 ("the Policy"). (TAC, ¶12). The Policy provided commercial and homeowner's insurance coverage for the Property. (TAC, ¶13).

---

[1] The Court previously allowed Plaintiff an opportunity to replead her complaint. (ECF No. 31). This Motion to Dismiss followed.

[2] When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1

On January 8, 2014, while the Policy in effect, the Property was damaged due to a storm and high winds which caused the house to be uninhabitable. (TAC, ¶12). Freedom and/or LoanCare took $31,924.77 of the monies paid by Standards and used those funds to pay off the Deed of Trust. (TAC, ¶27). Plaintiff alleges that this action by Freedom and/or LoanCare in paying off the Deed of Trust prevented Plaintiff from engaging any contractor to repair her home. (TAC, ¶28).

Plaintiff brings a lawsuit for breach of contract against Standard Guaranty (Count I), for vexatious refusal against Defendant Standard Guaranty (Count II), breach of contract/tortious interference against Freedom Mortgage (Count III), and breach of contract/tortious interference against LoanCare, LLC ("LoanCare") (Count IV).

## DISCUSSION

### I. Breach of Contract Against Standard Guaranty

To state a claim for breach of contract under Missouri law, Plaintiff "must establish the existence of a valid contract, the rights of plaintiff and obligations of defendant under the contract, a breach by defendant, and damages resulting from the breach." *Gillis v. Principia Corp.*, No. 15-2968, 2016 WL 4205934, at *4 (8th Cir. Aug. 10, 2016) (citing *Lucero v. Curators of Univ. of Mo.*, 400 S.W.3d 1, 5 (Mo. Ct. App. 2013)).

Standard contends that there was no breach of contract because the Policy was force placed, and Plaintiff has no interest in the Policy, as she is not a named insured or an additional insured. Standard notes that the Certificate of Insurance (attached to the TAC) indicates that Freedom Mortgage c/o LoanCare is the insured under the Policy. (ECF No. 36 at 4). Plaintiff was not an additional insured. (ECF No. 36 at 4). Because Plaintiff was not an insured, Standard states that Plaintiff cannot maintain an action for breach of contract, given that there was no contract between Plaintiff and Standard. (ECF No. 36 at 4).

In response, Plaintiff asserts that she has pled a third-party interest to the insurance contract. Plaintiff maintains that she has received a benefit from that contract, specifically the amount of the damages agreed to be paid by the insurance company over and above the amount due on the Mortgage. Plaintiff notes that the Policy insures the real property for $218,000, which is in excess of the value of the loan alleged to have been secured by the Deed of Trust, and no language in it limits the Policy amount to the financial interest of the Mortgagee. Plaintiff contends that the Policy insures the real property, and not just the financial interests of the Defendants. (ECF No. 38 at 7).

The Court holds that Plaintiff's claim for breach of contract fails as a matter of law. Missouri courts have expressly stated the requirements for a third-party beneficiary:

> A third-party beneficiary is one who is not privy to a contract or its consideration, but who may nonetheless maintain a cause of action for breach of the contract." *Trout v. General Security Services Corp.* 8 S.W.3d 126, 132 (Mo.App.1999); *see also L.A.C. v. Ward Parkway Shopping Center Co.* 75 S.W.3d 247, 260 (Mo. banc 2002). Only a third party for whose primary benefit the parties contracted may maintain an action to enforce a contract; a third party may not recover if that party "is only incidentally, indirectly or collaterally benefited by the contract." *Trout* 8 S.W.3d at 132. The terms of a contract must clearly and directly express the contracting parties' intent for the third party to benefit from the contract. *L.A.C.* 75 S.W.3d at 260; *Trout* 8 S.W.3d at 132.

*Kester v. Kester*, 108 S.W.3d 213, 226 (Mo. Ct. App. 2003). The Court holds Plaintiff cannot maintain a claim for breach of contract because there is no clear and direct language indicating that Plaintiff is a beneficiary as a matter of law. Freedom and LoanCare obtained the policy to protect their interests in the Property, not for the primary benefit of Plaintiff. The Certificate of Insurance expressly states that it benefits Freedom and LoanCare, but does not mention Plaintiff. Therefore, the Court dismisses Plaintiff's claim for breach of contract against Standard.

## II. Vexatious Refusal against Standard Guaranty

The Missouri legislature has provided another avenue for recovery when there is a vexatious refusal to pay, under Mo. Rev. Stat. § 375.420. "[Section 375.420] compensates an insured for consequential damages, such as attorneys fees and interest associated with collection, when the insurance company refuses to pay without reasonable cause or excuse." *Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co.*, 2006 WL 1722278 at *2 (E.D. Mo. Jun.19, 2006) (internal quotations and citation omitted); *Champ Realty Co. v. Am. States Ins. Co.*, No. 4:10CV1058 JCH, 2010 WL 2985676, at *2 (E.D. Mo. July 23, 2010).

Plaintiff claims that she has alleged a sufficient interest in the Policy to state a claim for vexatious refusal. Plaintiff has alleged a demand to Standard, a refusal by Standard to pay all of the damages, which is vexatious and without reasonable cause. (ECF No. 38 at 8). Plaintiff claims that Standard initially was going to pay Plaintiff her claim and allow her to have her house, but Standard determined it could save over $20,000 by paying Freedom/LoanCare instead. (ECF No. 38 at 8-9). Plaintiff maintains these actions were vexatious and prevented her from receiving the funds anticipated for repairing her house.

To establish a claim for vexatious refusal to pay, Plaintiff must prove that: (1) she had an insurance policy with Standard; (2) Standard refused to pay; and, (3) Standard's refusal was without reasonable cause or excuse. *Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 457 (Mo. 2006); *Tauvar v. Am. Family Mut. Ins. Co.*, 269 S.W.3d 436, 439 (Mo. Ct. App. 2008). Plaintiff does not allege that she had an insurance policy with Standard. Plaintiff only alleges that she had an insurable interest, which is insufficient for a claim for vexatious refusal to pay. Further, Plaintiff has not established that she has a reasonable expectation for these funds since she was not a party to the Policy. Accordingly, the Court dismisses Plaintiff's claim for vexatious

refusal to pay against Standard.

### III. Breach of Contract Against Freedom Mortgage and LoanCare

Defendants assert that Plaintiff's claim for breach of contract against Freedom and LoanCare fails. Defendants note that the Policy clearly shows that the insured was Freedom c/o LoanCare—not Plaintiff. (ECF No. 34 at 6). Plaintiff was not the insured or a beneficiary under the Policy. Plaintiff did not obtain the Policy and had no rights under the Policy. Defendants assert that Plaintiff's only contract with the Freedom and/or LoanCare is the Deed of Trust. (ECF No. 34 at 6-7).[3] Under the Deed of Trust, Plaintiff was required to maintain insurance on the Property, which she failed to do. As a result, there was a forced placed insurance policy put on the Property. The Deed of Trust provides that "[t]he insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender." (ECF No. 34 at 7). Defendants also point out that Plaintiff's only direct contract with Freedom and/or LoanCare included the provision that any payments made under the insurance policy should be made directly to Freedom, and Freedom then had the option to either apply those proceeds to the loan balance, or to apply the proceeds towards the restoration or repair of the Property. All parties admit that Freedom and/or LoanCare received the insurance proceeds from Standard and applied those proceeds to the balance of the loan.

Defendants maintain that Plaintiff's claim for breach of contract against LoanCare and Freedom fails. Plaintiff alleges that the insurance proceeds were improperly paid to both Freedom and LoanCare by Standard "without justification." (ECF No. 34 at 7-8). However, the insurance contract attached to Plaintiff's Third Amended Complaint provides that the proceeds

---

[3] The Court may "consider some public records, materials that do not contradict the complaint, or materials that are 'necessarily embraced by the pleadings.'" *Noble Sys. Corp. v. Alorica Cent., LLC,* 543 F.3d 978, 982 (8th Cir. 2008) (quoting *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999).

shall be paid to the insured, *i.e.*, Freedom c/o LoanCare. (ECF No. 34 at 8). Plaintiff also claims that Freedom and LoanCare improperly directed Standard to pay the proceeds to Freedom and LoanCare, which interfered with Plaintiff's contractual rights to effectuate repairs to the Property. However, Defendants maintain that Freedom and /or LoanCare had the option to pay off the Mortgage pursuant to the Deed of Trust executed by Plaintiff. (ECF No. 34 at 8).

In response, Plaintiff asserts that she has alleged two written contracts: the Policy on the Property and the Deed of Trust securing the Mortgage on the Property. (ECF No. 37 at 6). Plaintiff states that she has alleged an interest in the Policy. (ECF No. 37 at 6). Plaintiff contends that she has an interest in the Policy because Defendants represented to Plaintiff that she could rebuild her home. (ECF No. 37 at 7). Plaintiff further asserts that she has an interest in the Policy because the Policy insured the Property for $218,000, which is far in excess of the value of the loan secured by the Deed of Trust. Plaintiff contends that the Policy insures the real property—not just Defendants' financial interest. (ECF No. 37 at 7-8). Plaintiff notes that she had an insurance interest in the property because the drafts were all paid to the Defendants and to Plaintiff. Plaintiff maintains that the "option" to pay off the Deed of Trust prevented Plaintiff from repairing the Property. Plaintiff notes that Defendants represented that she would be allowed to repair her house and that Plaintiff endorsed at least one of the drafts. (ECF No. 37 at 8). Plaintiff further asserts that Defendants violated the Deed of Trust and their fiduciary duties because a default of the Deed of Trust was never declared that justified Defendants taking the insurance proceeds. Finally, Plaintiff asserts that she pleaded she was a third-party beneficiary to the insurance contract. (ECF No. 37 at 9). Plaintiff maintains that the beneficiary need not be named in the contract, "but the terms of the agreement must clearly and directly express an intent to benefit an identifiable person or class." (ECF No. 37 at 9 ( citing *L.A.C. ex rel. D.C. v. Ward Parkway Shopping Ctr. Co., L.P.*, 75 S.W.3d 247, 260 (Mo. 2002)). Plaintiff claims that the

6

interest to benefit her is clear and she has alleged a direct benefit from that contract, specifically the amount of the damages agreed to be paid by the insurance company over and above the amount due on the Mortgage. (ECF No. 37 at 9).

The Court holds that Plaintiff does not have a viable claim for breach of contract against Freedom and LoanCare. Plaintiff alleges that Freedom and LoanCare breached the Policy. The only contract to which Plaintiff was a party is the Deed of Trust, and the Deed of Trust provides Freedom and/or LoanCare with the authority to use the insurance proceeds to pay off the Mortgage. In contrast, Plaintiff was not a party to the Policy, which is attached to the Third Amended Complaint. In addition to not being a party to the Policy, the Court previously held that Plaintiff was not a beneficiary to the Policy. Accordingly, Plaintiff has no claim under any contract. The Court dismisses Plaintiff's breach of contract claim against Freedom and LoanCare.

### IV.  Tortious Interference against Freedom and LoanCare

"Under Missouri law, a claim of tortious interference with a contract consists of the following elements: (1) a contract; (2) defendant's knowledge of the contract; (3) intentional interference by the defendant inducing or causing a breach of the contract; (4) absence of justification; and (5) damages resulting from the defendant's conduct." *Insituform Techs., Inc. v. Reynolds, Inc.*, 398 F. Supp. 2d 1058, 1064 (E.D. Mo. 2005) (citing *Community Title Co. v. Roosevelt Fed. Sav. and Loan Ass'n*, 796 S.W.2d 369, 372 (Mo.1990) (en banc)).

Plaintiff seeks damages for tortious interference against Freedom and LoanCare in Counts III and IV. Plaintiff alleges that Freedom and LoanCare interfered with her ability to repair the Property because Freedom and LoanCare applied insurance proceeds to the balance of the loan instead of giving them to Plaintiff.

Defendants argue that Plaintiff has not specified how Freedom or LoanCare allegedly tortuously interfered with Plaintiff's business expectancy. (ECF No. 34 at 8-10). Defendants maintain that Plaintiff cannot allege a cause of action for tortious interference based upon the Policy or the Deed of Trust. Defendants note that Plaintiff was not a party to or beneficiary of the Policy, and the Deed of Trust—which Plaintiff executed—contractually authorized Freedom and/or LoanCare to apply insurance proceeds to the balance of the loan.

The Court holds that Plaintiff has not alleged a valid business expectancy. "'In order to have a claim for interference with a valid business expectancy, it is necessary to determine if the expectancy claimed was reasonable and valid under the circumstances alleged. If it is not, there was nothing for defendants to have interfered with.'" *Serv. Vending Co. v. Wal-Mart Stores, Inc.*, 93 S.W.3d 764, 769 (Mo. Ct. App. 2002) (quoting *Gott v. First Midwest Bank of Dexter*, 963 S.W.2d 432, 438 (Mo. Ct. App. 1998)). Plaintiff cannot have a valid business expectancy based upon the Policy because she was not a party to the contract. Likewise, Plaintiff cannot have a valid business expectancy under the Deed of Trust because the Deed of Trust permits Freedom and LoanCare to use the insurance proceeds to pay off the mortgage. Accordingly, the Court finds that Plaintiff has no valid claim for tortious interference against Freedom and LoanCare.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants LoanCare, LLC and Freedom Mortgage Corporation's Joint Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 33) and and Standard Guaranty Insurance Company's Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 35) are **GRANTED**.

An appropriate Judgment is filed herewith.

Dated this 14th day of November, 2016.

                                                */s/ Ronnie L. White*
                                                **RONNIE L. WHITE**
                                                **UNITED STATES DISTRICT JUDGE**